

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-40,339-07

## EX PARTE BRIAN EDWARD DAVIS

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
## IN CAUSE NO. 616522 IN THE 230TH DISTRICT COURT
## HARRIS COUNTY

*Per curiam*.  NEWELL, J., not participating.

## O R D E R

In March 2011, after a re-trial on punishment only, a jury answered the statutory

punishment questions in such a way that the trial court set applicant's punishment at death.

On June 26, 2012, the State filed in this Court its brief on applicant's direct appeal.  Pursuant

to Article 11.071 §§ 4(a) and (b)[1], applicant's initial application for a writ of habeas corpus

---

[1]  Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.

was due to be filed in the trial court on or before November 8, 2012, assuming a motion for extension was timely filed and granted.

Because it had been a year and a half since the application was due in the trial court, this Court on June 18, 2014, ordered the trial court to resolve any remaining issues in the case within 180 days from the date of that order. This Court further noted that the clerk should immediately thereafter transmit the complete writ record to this Court. Thus, the trial court should have resolved the issues raised in the writ on or before December 15, 2014, and the record should have been sent to this Court shortly thereafter. On November 20, 2014, we received a reporter's record in the case. However, we have received nothing further on applicant's initial writ after re-trial.

It has now been three years since the application was due in the trial court. Accordingly, the trial court has 90 days to resolve any issues remaining in the case. The clerk should immediately thereafter transmit the complete writ record to this Court. Any extensions of time shall be obtained from this Court.

IT IS SO ORDERED THIS THE 16TH DAY OF DECEMBER, 2015.

Do Not Publish